UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD (Docket #1, filed February 21, 2013)

MOTION TO QUASH PURPORTED SERVICE (Docket #15, filed April 25, 2013)

MOTION TO VACATE THE ARBITRATION AWARD (Docket #16, filed April 25, 2013)

REQUEST FOR ORDER FOR CLARIFICATION (Docket #39, filed June 17, 2013)

## I.   INTRODUCTION

Petitioner Latinamerican Theatrical Group, LLC ("LATG") filed the instant petition on February 21, 2013. LATG's petition seeks to confirm an arbitration award made in January 2013. The arbitration award was entered in favor of LATG and against respondent Swen International Holding ("Swen").

On April 25, 2013, Swen filed a motion to vacate the arbitration award, and also filed a motion to quash service of process. Swen's motion to quash service of process contends that LATG's petition to confirm the arbitration award was not properly served. LATG filed oppositions to these motions on May 17, 2013, and Swen replied on May 24, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

**II.   DISCUSSION**

Swen contends that the Court should dismiss LATG's petition to confirm the arbitration because it did not receive proper service of process. Swen is a foreign corporation doing business in the Republic of Panama, and therefore the applicable rule governing service of process is Federal Rule of Civil Procedure 4(h),[1] which provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> . . .
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Rule 4(h) directs the Court to apply the standards set out in Rule 4(f), which are:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

---

[1] The Court acknowledges that 9 U.S.C. § 9 provides distinct rules for service of process for a petition to confirm arbitration. Courts have questioned the continuing validity of these rules – particularly where the respondent is located outside the United States – and have instead applied the Federal Rules of Civil Procedure to determine whether a petition to confirm arbitration has been properly served. See Hancor, Inc. v. R & R Engineering Products, Inc., 381 F. Supp. 2d 12, 14 – 15 (D. Puerto Rico 2005); Marine Trading Ltd. v. Naviera Commercial Naylamp S.A., 879 F. Supp. 389, 391 (noting that the 9 U.S.C. § 9 "does not provide for service of the respondent at any location that does not lie within a judicial district of the United States.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

. . .

(C) unless prohibited by the foreign country's law, by:

. . .

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt;

Here, LATG contends that Swen was properly served by international mail. "For service by international mail to be effective in federal court, it must . . . be affirmatively authorized by some provision in federal law," and "affirmative authorization for service by international mail is found only in Rule 4(f)(2)(C)(ii)." Brockmeyer v. May, 383 F.3d 798, 800, 804 (9th Cir. 2004).[2] The Ninth Circuit has held that service is only proper under Rule 4(f)(2)(C)(ii) if the clerk of the court sends the mail. Id. at 804 ("It is undisputed that the plaintiffs in this case did not comply with the requirements of Rule 4(f)(2)(C)(ii), *as notice was not sent by the clerk of the district court*, nor by a form of mail requiring a signed receipt. Rule 4(f)(2)(C)(ii) therefore does not provide a basis for service in this case.") (emphasis added). Here, the proof of service submitted by LATG states that the notice was sent by Theresa Johnson, not the clerk of the court. Dkt. #9 at 3. Accordingly, here, as in Brockmeyer, Rule 4(f)(2)(C)(ii) does not justify the form of service.

---

[2] Courts have also approved service of process by international mail pursuant to Rule 4(f)(3), which permits service to take place "by other means not prohibited by international agreement as may be directed by the court." Igloo Products Corp. v. Thai Welltex Intern. Co., Ltd., 379 F. Supp. 2d 18, 20 (D. Mass. 2005). Prior court approval is required before Rule 4(f)(3) can be invoked, however, and it is therefore inapplicable in this case. See Brockmeyer, 383 F.3d at 806.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

At oral argument, counsel for petitioner argued that even if service was not proper under Rule 4(f), it can nonetheless be justified under Rule 4(e)(1), which permits service of process pursuant to state law. The Court disagrees. Rule 4(h), which governs service upon a corporation, provides that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," but only when service takes place "in a judicial district of the United States." Fed. R. Civ. Proc. 4(h)(1)(A). When service is to occur "at a place not within any judicial district of the United States," Rule 4(f) is the applicable provision. Fed. R. Civ. Proc. 4(h)(2). Accordingly, the Court cannot look to Rule 4(e)(1) and state law for the rules governing service of process in this case.

Since Swen has not been properly served pursuant to the Federal Rules of Civil Procedure, its motion contesting service of process should be granted, and LATG should effect proper service of process upon Swen.[3] In light of this conclusion, the Court defers ruling on Swen's motion to vacate until such time as it can be heard with LATG's opposing motion to confirm the arbitration award. A hearing date will be set after Swen has either been properly served or appears voluntarily in this action.[4] Pending service of process or a voluntary appearance, respondent's motion to quash a subpoena, dkt. #35, is hereby stayed.

---

[3] LATG also contends that Swen has been properly served pursuant to Rule 5(b) because LATG served its petition to confirm on Swen's counsel of record on May 6, 2013. LATG cites no authority for the proposition that this is a proper method of serving a petition to confirm arbitration when the respondent has appeared to contest whether it was not properly served. The Court therefore declines to find that this is a proper method of service.

[4] At the hearing on this matter, counsel for respondent represented that his client might agree to appear voluntarily – which would have obviated the need for the instant order – and that counsel would confer with respondent and notify the Court on June 17, 2013 regarding respondent's position. In a June 17, 2013 submission, respondent made it clear that it does not intend to appear voluntarily. Dkt. #38. Consequently, petitioner's request for clarification, Dkt. #39, is hereby DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

### III. CONCLUSION

In accordance with the foregoing, respondent's motion to quash service is hereby GRANTED. The Court defers ruling on the remaining motions, as stated above.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |