UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | July 2, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP, LLC V. SWEN INTERNATIONAL HOLDING, A/K/A EQUATORIAL DISTRIBUTION COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): EX PARTE APPLICATION (Docket #41, filed June 20, 2013)

## I.   INTRODUCTION

Petitioner Latinamerican Theatrical Group, LLC ("LATG") filed the instant petition on February 21, 2013. LATG's petition seeks to confirm an arbitration award made in January 2013. The arbitration award was entered in favor of LATG and against respondent Swen International Holding ("Swen").

In an order dated June 18, 2013, the Court granted Swen's motion to quash service of process, and stayed the case pending a voluntary appearance by Swen or adequate service of process. On June 20, 2013, LATG filed an ex parte application asking the Court to order the clerk to serve Swen by international mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii), and asking the Court to permit, pursuant to Rule 4(f)(3), LATG to serve Swen by executing service upon Swen's counsel, Vincent Ravine ("Ravine"). No opposition to the ex parte application has been filed. After considering the arguments made in LATG's application, the Court finds and concludes as follows.

## II.   DISCUSSION

As stated in the Court's order dated June 18, 2013, Rule 4(f)(2)(c)(ii) requires the clerk of the district court to address and send the mailing by which service is executed. Fed. R. Civ. Proc. 4(f)(2)(c)(ii); Brockmeyer v. May, 383 F.3d 798, 800, 804 (9th Cir. 2004) ("It is undisputed that the plaintiffs in this case did not comply with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1270 CAS (RNBx) | Date | July 2, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP, LLC V. SWEN INTERNATIONAL HOLDING, A/K/A EQUATORIAL DISTRIBUTION COMPANY | | |

requirements of Rule 4(f)(2)(C)(ii), *as notice was not sent by the clerk of the district court*, nor by a form of mail requiring a signed receipt. Rule 4(f)(2)(C)(ii) therefore does not provide a basis for service in this case.") (emphasis added). LATG's request for an order directing the clerk to serve process upon Swen by international mail is therefore proper, and should be granted.[1]

The Court next considers whether it should permit LATG, pursuant to Rule 4(f)(3), to serve process upon Swen by serving process upon Ravine. Rule 4(f)(3) permits a district court to approve service of process upon a defendant not within a judicial district of the United States "by other means not prohibited by international agreement." Fed. R. Civ. Proc. 4(f)(3). District courts have discretion to permit a variety of forms of service under this rule. Igloo Products Corp. v. Thai Welltex Intern. Co., Ltd., 379 F. Supp. 2d 18, 20 (D. Mass. 2005); Brockmeyer, 383 F.3d at 805 – 806. Any form of service approved by a court under Rule 4(f)(3) must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In Rio Properties, the Ninth Circuit held that a foreign defendant could be served pursuant to Rule 4(f)(3) by serving an attorney who was familiar with the defendant's legal positions and was in contact with the defendant regarding the case. Rio Properties, 284 F.3d at 1017. This method of service is appropriate in the instant action as well. As in Rio Properties, Ravine has been in contact with Swen regarding LATG's petition to confirm, and has filed a motion to quash service on Swen's behalf. Since Ravine is in contact with Swen and is familiar with this case, service upon Ravine will apprise Swen of the pendency of this action and give it a chance to respond. Consequently, under Rule 4(f)(3), Swen may be served through service upon Ravine.

---

[1] To assist the clerk in effectuating service of process, LATG has submitted a copy of the petition, along with an envelope and payment to cover the costs of service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 13-1270 CAS (RNBx) | Date | July 2, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP, LLC V. SWEN INTERNATIONAL HOLDING, A/K/A EQUATORIAL DISTRIBUTION COMPANY | | |

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS LATG's ex parte application. The Court hereby ORDERS the following:

(1) The clerk is to serve Swen by international mail requiring a signed receipt, pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii), at the following address:

Swen International Holding
a/k/a Equatorial Distribution Company
Attn: Jaime Antonio Graell, President
P.H. Plaza 2000 Building
50th Street, Panama
Republic of Panama

(2) Pursuant to Federal Rule of Civil Procedure 4(f)(3), the Court hereby permits LATG to serve process upon Swen by serving process upon Vincent Ravine, Swen's counsel.

(3) The continued hearing on the Petition to Confirm Arbitration Award is set for Monday July 22, 2013, at 10 A.M. in Courtroom 5 of the above referenced Courthouse located at 312 North Spring Street, Los Angeles, California 90012.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |