UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | CV 13-1270 CAS (RNBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants

Charles Coate                        Vincent Ravine
Theresa Johnson

**Proceedings:**   PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD (Docket #1, filed February 21, 2013)

MOTION TO VACATE THE ARBITRATION AWARD (Docket #16, filed April 25, 2013)

## I.   INTRODUCTION

Petitioner Latinamerican Theatrical Group, LLC ("LATG") filed the instant petition on February 21, 2013. LATG's petition seeks to confirm an arbitration award made in January 2013. The arbitration award was entered in favor of LATG and against respondent Swen International Holding ("Swen").

On April 25, 2013, Swen filed a motion to vacate the arbitration award.[1]  LATG

---

[1] Additionally, Swen filed a motion to quash service of process, which this Court granted on June 18, 2013. Dkt. #40. Subsequently, LATG sent a copy of the petition and other early case filings to Swen by international mail, pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii), and also effectuated service upon Swen by serving respondent's counsel, pursuant to Federal Rule of Civil Procedure 4(f)(3) and this Court's order dated July 2, 2013. See Dkt. # 42 – 43. At the hearing on this matter, Swen argued that it has not been adequately served because the return receipts requested in connection with the mailing have not been returned by Swen. There is no requirement, however, that a return receipt actually be received, particularly when the circumstances surrounding service suggest that the party upon which service was attempted has actual notice of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-1270 CAS (RNBx) | Date | August 5, 2013 |
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

filed an opposition on May 17, 2013, and Swen replied on May 24, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

II.    BACKGROUND

LATG and Swen are companies that conduct business in the distribution of motion pictures. On December 1, 2008, the parties executed the Distribution Agreement, which concerned distribution rights for the motion picture "13" ("the film"). Additionally, the Distribution Agreement contains a mandatory arbitration clause.

A dispute arose between the parties regarding payment due under the contract. In brief, LATG took the position that it was not obligated to make a $292,800 minimum guarantee payment to obtain distribution rights for the film because there was no planned United States theatrical release for the film. Swen, in contrast, contended that LATG had improperly refused to pay for the distribution rights for the film, and that due to LATG's breach of the agreement, Swen had the right to resell the distribution rights.

An arbitrator held a hearing regarding the dispute on December 5 – 6, 2012, and on January 10, 2013, issued an award in favor of LATG. The arbitrator's award concluded that LATG's minimum guarantee payment was only due in the event that it received a "tangible assurance" that there would be a United States theatrical release for the film. Arbitration Award, Dkt. #1 Ex. 2 § D.2. The arbitrator therefore concluded that Swen breached the Distribution Agreement by reselling the distribution rights. Id. § E.3. The arbitrator awarded damages in the amount of $433,867. Id. § D.3.g. This amount was computed by taking the difference between the minimum guarantee payment, which would have been due had the contracted been fully performed, and the amount of licensing fees generated by Swen's improper use of the distribution rights. This measure

---

Trak Microcomputer Corp. v. Wearne Bros., 628 F. Supp. 1089, 1091 – 92 (N.D. Ill. 1985). Consequently, in light of the fact that the petition has been served upon Swen's counsel pursuant Rule 4(f)(3), that a copy of the petition has been mailed to Swen pursuant to Rule 4(f)(2)(c)(ii), and that Swen has voluntarily appeared in this action to file a counter-petition to vacate the arbitration award, the Court finds that service of process has been properly effectuated upon Swen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-1270 CAS (RNBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

was proper, the arbitrator reasoned, because the fees generated by Swen were a good approximation of the economic value LATG could have derived from the distribution rights had the contract been performed. Id.  The arbitrator also awarded post-judgment interest at the rate of ten percent per annum, and attorney's fees in the amount of $76,296.54. Id. § E.4 – 5.  Finally, the arbitrator granted LATG title to the distribution rights that were the subject of the Distribution Agreement. Id. § E.6.

### III.   LEGAL STANDARD

Under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., there are limited grounds upon which a federal court may vacate, modify, or correct an arbitration award. Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 640 (9th Cir. 2010).  "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." Kyocera Corp. v. Prudential-Bache Trade Services, Inc., 341 F.3d 987, 994 (9th Cir. 2003).  The permissible grounds for vacating an arbitration award are the following:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Similarly, as relevant here, correction of an award is only permitted when there is an "evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award."  9 U.S.C. § 11(a).  "Unless the award is vacated as provided in § 10, or modified as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-1270 CAS (RNBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

provided in § 11 . . . confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." Lagstein, 607 F.3d at 640.

## IV.  ANALYSIS

According to Swen, it was erroneous for the arbitrator to conclude that Swen breached the Distribution Agreement. The alleged key flaw in the arbitrator's ruling was his conclusion that LATG's minimum guarantee payment was not due in the absence of a United States theatrical release. This decision was erroneous, Swen contends, because the Distribution Agreement provides that LATG's minimum guarantee payment was due "before delivery of material of each picture and announcement of US theatrical release." Distribution Agreement ¶ F. Since the payment was purportedly made prior to a United States theatrical release, Swen concludes that such a release could not be a required condition of payment, and that the arbitrator's contrary decision exceeded his powers.

The Court cannot accept this argument. "Arbitrators exceed their powers not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." Lagstein, 607 F.3d at 641. To satisfy this standard, the arbitrator must either recognize the applicable law and then ignore it, or issue a decision that "fails to draw its essence from the agreement." Id. at 641 – 642. The arbitrator did no such thing in this case. Instead, the arbitrator's decision explicitly refers to and interprets the language upon which Swen relies, and reached a construction of this language contrary to Swen's interpretation based upon his findings regarding the intent of the parties and the theatrical distribution business. Arbitration Award § D.2. Moreover, there was no applicable law that the arbitrator recognized but then failed to apply. The Court therefore rejects Swen's grounds for vacating the arbitration award.

Additionally, Swen argues that even if the award should not be vacated, the award should be amended to correct the arbitrator's purportedly erroneous calculation of damages. Swen claims that there were two errors in the arbitrator's calculation of damages. First, Swen argues that the arbitrator essentially awarded LATG lost profits, which is a measure of damages purportedly prohibited by the Distribution Agreement. Distribution Agreement, Standard Terms § 15.4. Second, Swen argues that even if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 13-1270 CAS (RNBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

arbitrator's method of computing damages was appropriate, this method should have resulted in a far lower damages award. According to Swen, the Distribution Agreement provides that LATG must share half of its gross receipts with Swen. Distribution Agreement ¶ H. Moreover, Swen contends, the arbitrator's method of computing damages was to approximate the gross receipts that LATG would have received through use of the distribution rights to the film and award it those receipts. The arbitrator's calculation did not reflect, however, the fact that half of the gross receipts are due to Swen under the Distribution Agreement, and Swen concludes that the Court should correct this flaw by reducing the arbitrator's award accordingly.

      The Court finds that neither of Swen's arguments are persuasive. First, regarding lost profits, the parties' agreement provides that "in no case may Distributor [LATG] collect any consequential damages including 'lost profits.'" Distribution Agreement, Standard Terms § 15.4. There is no reason to believe that the arbitrator improperly awarded consequential damages or improper lost profits of the kind forbidden by this agreement. The arbitrator never claimed to be awarding lost profits or consequential damages, and the contention that this was the basis for the arbitrator's award is belied by the fact that the arbitrator cited California Civil Code § 3300—which forbids the award of consequential damages for breach of contract—in the damages portion of the award. See Amelco Electric v. City of Thousand Oaks, 27 Cal. 4th 228, 243 (2002). The arbitrator's damages award therefore did not rely on an irrational construction of the parties' agreement. Second, Swen's argument relies on its assumption that the arbitrator intended to award LATG the gross receipts it would have obtained had there been no breach of the contract. There is no indication that this was the basis for the arbitrator's award. Instead, the arbitrator stated that it was awarding LATG an amount corresponding to the "net economic value" of the distribution rights that would have been held by LATG but for Swen's breach. Consequently, the Court also rejects Swen's argument that damages were improperly calculated.[2]

---

      [2] Moreover, to the extent Swen is arguing that incorrect factual findings underlie the arbitrator's award of damages, Swen's arguments fail, because "[w]hether or not the [arbitrator's] findings are supported by the evidence in the record is beyond the scope of [the Court's] review." Bosack v. Soward, 586 F.3d 1096, 1105 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 13-1270 CAS (RNBx) | Date | August 5, 2013 |
| Title | LATINAMERICAN THEATRICAL GROUP LLC V. SWEN INTERNATIONAL HOLDING | | |

Accordingly, the Court finds no grounds for vacating or correcting the arbitrator's award, and therefore concludes that the award should be confirmed. Lagstein, 607 F.3d at 640.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS LATG's motion to confirm the arbitration award, and DENIES Swen's motion to vacate, modify, or correct the arbitration award.

IT IS SO ORDERED.

|  |  |  | 00 | : | 10 |
|---|---|---|---|---|---|
|  |  | Initials of Preparer |  | CMJ |  |