UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01270-CAS-(RNBx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP, LLC V. SWEN INTERNATIONAL HOLDING | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:** (In Chambers:) Petitioner's Motion for Attorney Fees and Costs [Dkt. 64] (filed August 28, 2013)

## I. INTRODUCTION

Petitioner Latinamerican Theatrical Group, LLC ("LATG") filed this petition on February 21, 2013, seeking to confirm an arbitration award made in January 2013. The arbitration award was entered in favor of LATG and against respondent Swen International Holding ("Swen"). On April 25, 2013, Swen filed a motion to vacate the arbitration award.

On August 5, 2013, the Court granted LATG's petition to confirm the arbitration award and denied Swen's motion to vacate the award. Dkt. 50. On August 14, 2013, the Court entered judgment against Swen, confirming the arbitrator's award of (1) $433,867 in contract damages, (2) $76,296.54 in attorneys' fees incurred during the arbitration and (3) post-judgment interest. On August 22, 2013, the Court granted in part and denied in part Swen's Ex Parte Application to Correct Judgment for Clerical Error, and subsequently entered an amended judgment against Swen International Holding n/k/a Equatorial Distribution Company. Dkt. 61, 62.

On August 28, 2013, LATG moved for an additional $56,057.76 in attorneys' fees incurred confirming the arbitration award. Swen has not filed an opposition. After considering LATG's motion, the Court finds and concludes as follows.

## II. ANALYSIS

California Civil Code § 1717 permits the recovery of attorneys' fees in contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01270-CAS-(RNBx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP, LLC V. SWEN INTERNATIONAL HOLDING | | |

actions "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party." The prevailing party in an arbitration "on the contract" may also recover fees incurred enforcing their arbitration award in federal court. See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339–41 (9th Cir. 1986).

Here, the Distribution Agreement at issue in this case provides: "The prevailing party in any arbitration or other legal proceeding brought pursuant hereto shall be entitled to recover all of its attorneys' fees." Coate. Decl. Ex. 3 ¶ S. The Court finds that the confirmation proceedings qualify as an "other legal proceeding brought pursuant" to the Distribution Agreement. As the court in Lafarge Conseils reasoned:

> [Swen] was contractually bound by the award unless grounds existed for vacation of the award under 9 U.S.C. § 10. . . . [Swen's] motion to vacate the award . . . arose directly out of the contract, as did [LATG's] opposition to [Swen's] motion. The [Distribution Agreement] provides that [LATG] is entitled to attorney fees in actions to enforce the contract. We conclude that [this] is an action based on the contract and therefore the contractual provision for attorney fees applies."

791 F.2d at 1340. The Court accordingly concludes that LATG is entitled to attorneys' fees.

LATG requests $55,547.50 in fees and $510.26 in costs.[1] LATG calculates these figures using the lodestar method: "the number of hours worked multiplied by the

---

[1] This figure includes fees billed on matters where LATG did not prevail, such as Swen's initially successful motion to quash service of process. Dkt. 40. LATG subsequently effectuated proper service after remedying the defects identified in the Court's order on the motion to quash. See Dkt. 42, 44. "[T]he district court must award fees for the work that contributed to a successful result as if the successful claims were the only ones litigated." Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01270-CAS-(RNBx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | LATINAMERICAN THEATRICAL GROUP, LLC V. SWEN INTERNATIONAL HOLDING | | |

prevailing hourly rates." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010). In support of this calculation, LATG supplies billing records and declarations reciting the hourly rates of the attorneys who worked on the matter. See Coate Decl. ¶¶ 8–13 & Ex.4–5. LATG further submits a study of hourly rates billed by Los Angeles intellectual property lawyers demonstrating that the rates requested reflect the prevailing market rate in the Los Angeles community. Id. Ex. 6.

The lodestar figure is presumably the reasonable amount of attorney's fees. S.E.C. v. Sunwest Mgmt., Inc., 2013 WL 1987373 (9th Cir. May 15, 2013) (citing Purdue, 559 U.S. 542). The Court only departs from the lodestar calculation when special circumstances counsel an enhanced or reduced award. In evaluating whether special circumstances are present, the Court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. See Lafarge Conseils 791 F.2d at 1341–42 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69 (9th Cir. 1975)).

Here, the Court can discern no reason to depart from the lodestar. Although petitions to confirm arbitration are ordinary routine, Swen vigorously contested liability at every stage of this proceeding. Particularly in light of Swen's non-opposition to this motion, the Court therefore concludes that LATG's request for a lodestar fee award is reasonable.

### III. CONCLUSION

In accordance with the foregoing, the Court GRANTS petitioner's motion for attorneys' fees. LATG is awarded attorneys' fees in the amount of $55,547.50 and costs in the amount of $510.26.

IT IS SO ORDERED.